IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTT PEAIRSON, | Civil Action No.3:22-cv-00592-M |
| Plaintiff, | |
| v. | COMPLAINT |
| CASCADE RECEIVABLES MANAGEMENT, LLC, et al., | DEMAND FOR JURY TRIAL |
| Defendants. | |

## PLAINTIFF'S AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff SCOTT PEAIRSON ("Plaintiff"), by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and brings this *Amended Complaint* against Defendant CASCADE RECIEVABLES MANAGEMENT, LLC d/b/a CASCADE CAPITAL FUNDING, LLC ("Defendant CASCADE"), and Defendant AVANTEUSA, LTD ("Defendant AvanteUSA") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

### PREMLIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1692, the *Fair Debt Collection Practices Act* or "FDCPA".

### PARTIES AND SERVICE

2. Plaintiff is an individual who resides in Dallas County, Texas and is represented by the undersigned counsel.

3. Plaintiff is allegedly obligated to pay a "Consumer Debt" in the amount of $2,221.

4. Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is obligated or allegedly obligated to pay any debt. Plaintiff is also a "Consumer" under 15 U.S.C. § 1692a(3), the *Fair Debt Collection Practices Act* or "FDCPA".

5. The "Consumer Debt" is an obligation or alleged obligation of the Plaintiff to pay any money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes. As this term is defined under the Tex. Fin. Code Ann. § 392.001(2) and 15 U.S.C. § 1692a(5).

6. Defendant AvanteUSA is a debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers in the State of Texas.

7. Defendant AvanteUSA can be served with a copy of this *Amended Complaint* along with *Citation* on its registered agent Mike Moore at 2950 S. Gessner, Suite 265, Houston, Texas 77063.

8. Defendant AvanteUSA is a person who engages in interstate commerce by using the telephone and mail in a business which the principal purpose is the collection of debts.

9. Defendant AvanteUSA is a debt collector as defined under 15 U.S.C. § 1692(a)(6) and Tex. Fin. Code Ann. § 392.001(6).

10. Defendant AvanteUSA is a Third-Party Debt Collector as defined under Tex. Fin. Code Ann. § 392.001(7) because Defendant has engaged in direct or indirect debt collection against the Plaintiff in Texas.

11. Defendant Cascade is a debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers in the State of Texas and can be served with a copy of this *Amended Complaint* along with *Citation* on its registered agent Corporation

Service Company d/b/a CSC- Lawyers INCO at 211 E. 7th Street Suite 620, Austin, Texas 78701.

12. Defendant Cascade is a person who engages in interstate commerce by using the telephone and mail in a business which the principal purpose is the collection of debts.

13. Defendant Cascade is a debt collector as defined under 15 U.S.C. § 1692(a)(6) and Tex. Fin. Code Ann. § 392.001(6).

14. Defendant Cascade is a "Debt Collector" as defined under Tex. Fin. Code Ann. § 392.001(6) because Defendant Cascade has engaged in direct or indirect debt collection against the Plaintiff in Texas.

## JURISDICTION AND VENUE

15. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") for actual and statutory damages, costs, and reasonable attorney's fees against the Defendants.

16. This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1337 and 15 U.S.C. § 1692k.

17. This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. § 1367.

18. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

19. Venue is further proper in this District because Plaintiffs reside in this district.

## FACTUAL ALLEGATIONS

20. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. On or around January 21, 2018, Plaintiff called his Health Insurance Company, Cigna Health and Life Insurance Company ("Cigna"), to find a nearby urgent care facility that would take his insurance.

22. Cigna instructed Plaintiff to visit a now out of business urgent care facility ("Urgent Care") locate in the Frisco area.

23. On or around January 21, 2018, Plaintiff visited the Urgent Care for treatment and paid his co-pay.

24. Plaintiff did not owe anything beyond the co-pay for this visit.

25. Plaintiff received notice from Code 3 Emergency Partners at Mesquite ("Code 3") that he had a remaining balance due from his visit to the Urgent Care.

26. Plaintiff was confused as he had given the Urgent Care his insurance information when he originally received treatment.

27. Plaintiff called Cigna immediately and that his treatment was fully covered by his insurance and Plaintiff did not owe anything for his Urgent Care visit.

28. The Account was sold from the original creditor, Code 3, to Defendant Cascade after the Account was alleged to be in Default.

29. On or around July 16, 2021, Plaintiff received a debt collection letter from Defendant AvanteUSA stating Plaintiff owed $6,268.41 on a collection account ("Account") for the unpaid balance originally allegedly owed to Urgent Care. See a copy of the Letter attached as Exhibit A.

30. Plaintiff's Account should be showing a $0 balance.

31. Any balance on the Account should have been billed to Plaintiff's Insurance Company, Cigna, when Plaintiff received treatment in 2018.

32. Defendant AvanteUSA is now reporting the Account on Plaintiff's Credit Reports with a balance of $6,368.00. See copy of notice from Credit Karma showing an account placed for collections owned by AvanteUSA was opened on March 29, 2021, attached as <u>Exhibit B.</u>

33. Defendant AvanteUSA has attempted to collect an unauthorized amount from Plaintiff.

34. Defendant AvanteUSA attempts to collect this unauthorized amount has violated the FDCPA and TDCA.

35. Defendant Cascade has attempted to collect an unauthorized amount from Plaintiff.

36. Defendant Cascade's attempts to collect this unauthorized amount has violated the FDCPA and TDCA.

37. As a result of Defendant AvanteUSA's conduct, Plaintiff has suffered injury to his credit worthiness, credit denial, increased interest rates for loans, mental anguish, frustration, and emotional distress.

38. As a result of Defendant Cascade's conduct, Plaintiff has suffered injury to his credit worthiness, credit denial, increased interest rates for loans, mental anguish, frustration, and emotional distress.

39. AvanteUSA and Cascade's erroneous debt collection and credit reporting continues to affect Plaintiff's creditworthiness and credit score and affects his ability to obtain credit at otherwise superior terms.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692**
***et seq.* as to Defendant AvanteUSA**

40. Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

41. Defendant AvanteUSA's debt collection efforts against Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e and §1692f.

42. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

   1. The false representation of the character, amount, or legal status of any debt 15 U.S.C. §1692e(2);
   2. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false including the failure to communicate that a disputed debt is disputed, 15 U.S.C. §1692e(8); and
   3. The use of any false representation or deceptive means to collect or attempt to collect any debt; 15 U.S.C. §1692e(10).

43. Under Section §1692f a debt collector

   may not use unfair or unconscionable means to collect or attempt to collect any debt. (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. §1692f(1).

44. For these reasons, Defendant AvanteUSA is liable to Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### Tex. Fin. Code Ann. § 392 *et seq.* as to Defendant AvanteUSA

45. Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

46. Defendant AvanteUSA's debt collection efforts against Plaintiff violates various provisions of the TDCA.

47. Section 392.304 provides a non-exhaustive list of Fraudulent, Deceptive, or Misleading Representations prohibited by a debt collector:

   (a) misrepresenting the character, extent, or amount of a consumer debt. Tex. Fin. Code Ann. §392.304(8); and

   (b) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code Ann. §392.304(19).

48. By mispresenting the amount for Plaintiff's Account as an unpaid balance of $6,268.41, Defendant AvanteUSA violated the TDCA.

49. For the aforementioned-reasons, Defendant AvanteUSA violated the TDCA.

50. For these reasons, Defendant AvanteUSA is liable to Plaintiff for actual damages, costs, and reasonable attorney's fees.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.* as to Defendant Cascade

51. Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

52. Defendant Cascade's debt collection efforts against Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e and §1692f.

53. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

   1. The false representation of the character, amount, or legal status of any debt 15 U.S.C. §1692e(2);

   2. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false including the failure to communicate that a disputed debt is disputed, 15 U.S.C. §1692e(8); and

    3.     The use of any false representation or deceptive means to collect or attempt to collect any debt; 15 U.S.C. §1692e(10).

54.    Under Section §1692f a debt collector

may not use unfair or unconscionable means to collect or attempt to collect any debt. (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. §1692f(1).

55.    For these reasons, Defendant Cascade is liable to Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**
**Tex. Fin. Code Ann. § 392 *et seq.* as to Defendant Cascade**

56.    Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

57.    Defendant Cascade's debt collection efforts against Plaintiff violates various provisions of the TDCA.

58.    Section 392.304 provides a non-exhaustive list of Fraudulent, Deceptive, or Misleading Representations prohibited by a debt collector:

    (a)    misrepresenting the character, extent, or amount of a consumer debt. Tex. Fin. Code Ann. §392.304(8); and

    (b)    using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code Ann. §392.304(19).

59.    For the aforementioned-reasons, Defendant Cascade violated the TDCA.

60.    For these reasons, Defendant Cascade is liable to Plaintiff for actual damages, costs, and reasonable attorney's fees.

## DEMAND FOR TRIAL BY JURY

61. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendants as follows:

1. Awarding Plaintiff statutory damages up to $1,000 under the FDCPA against Defendant AvanteUSA and Defendant Cascade;
2. Awarding Plaintiff actual damages under the FDCPA against Defendant AvanteUSA and Defendant Cascade;
3. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses as allowed under the FDCPA against Defendant AvanteUSA and Defendant Cascade;
4. Awarding Plaintiff statutory damages not less than $100 under the TDCA against Defendant AvanteUSA and Defendant Cascade;
5. Awarding Plaintiff actual damages under the TDCA against Defendant AvanteUSA and Defendant Cascade;
6. Awarding Plaintiff injunctive relief under the TDCA against Defendant AvanteUSA and Defendant Cascade;
7. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses as allowed under the TDCA against Defendant AvanteUSA and Defendant Cascade; and
8. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

DATED: March 28, 2022                    Respectfully Submitted,

*/s/ Allen Edgar Robertson III*

SHAWN JAFFER
SB 24107817
ALLEN EDGAR ROBERTSON III
SB 24076655
ROBERT LEACH
SB 24103582

JAFFER & ASSOCIATES, PLLC
5757 ALPHA RD SUITE 430
DALLAS, TX 75240
(T) 214.494.1871 (F) 888.509.3910
(E) ATEAM@JAFFER.LAW

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March 28, 2022 I caused the foregoing to be electronically filed with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to counsel of record.

JAFFER & ASSOCIATES, PLLC

/s/ *Allen Edgar Robertson III*

Allen Edgar Robertson, III